IN THE UNITED STATES DISTRICT COURT
FOR T HE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Christopher Linville, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO. 6:13-542-MGL |
| | ) | |
| v. | ) | Opinion and Order |
| | ) | |
| RW Properties, LLC dba Gallery of Homes, of the Upstate, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant RW Properties, LLC dba Gallery of Homes of the Upstate's ("Defendant") Motion to Dismiss (ECF No. 13) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's Motion to Dismiss is denied.

According to the amended complaint, Plaintiff Christopher Linville ("Plaintiff") was an employee of Defendant. Plaintiff alleges that the law requires employers to pay employees one and one-half times the ordinary minimum wage rate for any hours over forty that the employee works. Fair Labor Standards Act ("FLSA"), Title 29, Section 207 of the United States Code. (ECF No. 9 at 3). Plaintiff submits that Defendant knowingly, intentionally and wilfully failed to pay him one and one-half times his normal hourly rate for every hour that Plaintiff worked in violation of the FLSA. *Id.* at 4.

On April 25, 2013, Defendant moved to dismiss the complaint on the basis that Plaintiff is subject to the Motor Carrier's Exemption and, as such, is exempt from the overtime provisions of the FLSA. 29 C.F.R. § 782.2(b)(2). Defendant also moves as alternate relief, that Plaintiff's

damages be limited to any overtime wages for non-exempt employment from Defendant from March 4, 2011 to December 11, 2011.

When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992).  To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).  Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.  While a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Although the court must consider all well-pled factual allegations in a complaint as true, the court need not "accept as true a legal conclusion couched as a factual allegation." *Id*.

After reviewing the record in this case, accepting all well-pleaded allegations in Plaintiff's complaint as true, and drawing all reasonable factual inferences from those facts in Plaintiff's favor, the Court is constrained to deny the motion.  At this stage of the litigation, it is premature to decide that no relief could be granted under any set of facts that could be proven consistent with the allegations.  The allegations of the complaint do state a plausible claim for relief under the pleading standards set forth in *Iqbal* and *Twombly*.

It is therefore ordered Defendant's Motion to Dismiss be DENIED.  (ECF No. 13).

IT IS SO ORDERED.

/s/ Mary G. Lewis
United State District Judge

Spartanburg, South Carolina
October 9, 2013